UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LEIGHANN GARCIA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00109-LEW |
| | ) | |
| DAVID CHAPMAN, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint alleging that Defendant, her landlord, has discriminated against her. (Complaint at 4, ECF No. 1.) Plaintiff also filed an application to proceed without prepayment of fees, which application the Court granted. (Application, ECF No. 3; Order, ECF No. 5.)

In accordance with the statute governing actions filed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter, unless within the fourteen-day period to file an objection to this recommended decision, Plaintiff files an amended complaint that adequately addresses the complaint's deficiencies.

**FACTUAL BACKGROUND**

Plaintiff asserts that she moved into Defendant's rental property on November 20, 2023. (Complaint at 7.) She alleges that two weeks after she moved in, Defendant decided that he did not want to rent to her. (*Id.*) As for the reason for Defendant's decision, the

"[o]nly thing [Plaintiff] can think of is because [Defendant] saw her emotional support animals, which [Plaintiff] had disclosed to [Defendant's] wife Mary at the time [Plaintiff] [walked] through the rental." (*Id.*)  Plaintiff alleges she is "being discriminated against and potentially evicted for having emotional support animals."  (Complaint at 4.)

## DISCUSSION

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pled facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5,

2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff's housing discrimination claim would be governed by the Fair Housing Act (FHA) 42 U.S.C. § 3604(f). Pursuant to the statute, it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter." *Id.* at § 3604(f)(1). Under the FHA, "discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* at § 3604(f)(3)(B). Plaintiff contends Defendant failed to make an accommodation for her emotional support animals.

To state a claim under the FHA for a lack of an accommodation, a plaintiff must allege that: (1) the plaintiff has a disability[1], (2) the defendant knew or should have known of the plaintiff's disability, (3) the accommodation is necessary for the plaintiff's use and enjoyment of the dwelling, (4) the defendant refused to make such an accommodation. *Astralis Condo Ass'n v. Sec'y, U.S. Dep't of Hous. and Urban Dev.*, 620 F.3d 62, 67 (1st Cir. 2010).

---

[1] Although the statute uses the term "handicap," the Court uses the preferred synonym "disability." *See Bhogaita v. Altamonte Heights Condominium Association, Inc*, 765 F.3d 1277, 1285 n.2 (11th Cir. 2014) (noting that disability scholars prefer use of the term disability, and the Americans with Disabilities Act reflects that preference).

Under the FHA, disability is defined as a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of having such an impairment, or being regarded as having such an impairment." 42 U.S.C. § 3602(h)(1)-(3). A plaintiff must plead the disability with specificity of the medical illness and how it impacts the plaintiff's daily life. *Smith v. AMH 2014-1 Borrower, LLC*, No. 23-13273, 2024 WL 1460309, at *2 (11th Cir. Apr. 4, 2024) (alleging Crohn's disease is not itself sufficient to meet the definition of a disability); *Miles v. Hous. Auth. of Texarkana*, 667 F. App'x 450, 452 (5th Cir. 2016) (claiming 'disability' without any further specifications is not sufficient); *Wells v. Willow Lake Ests., Inc.*, 390 F. App'x 956, 958 (11th Cir. 2010) (stating the plaintiff cannot bend or move easily is not sufficient).

Here, Plaintiff has not alleged that she suffers from a disability as defined by the FHA. Plaintiff has also not alleged that Defendant knew of the disability (to be distinguished from Defendant's knowledge of her support animals), that an accommodation to allow Plaintiff to have a support animal in the rental unit is necessary for her use and enjoyment of the unit, or that Defendant refused to make the accommodation. Plaintiff, therefore, has not alleged an actionable claim.[2]

---

[2] Although Plaintiff references a potential eviction in the complaint, Plaintiff did not appear to ask the Court to stop an eviction proceeding. To the extent Plaintiff seeks a stay of her eviction, the Court likely could not provide such relief. *See Pasquarelli v. Broadway,* Inc., No. 1:11-cv-316-GZS, 2011 WL 4352371, at *1 (D. Me. Sept. 15, 2011) ("to the extent that Plaintiff appears to be asking this Court to stop an ongoing state eviction proceeding, a federal court will likely be unable to provide Plaintiff the relief he seeks due to various abstention doctrines").

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, unless Plaintiff files an amended complaint that adequately addresses the complaint's deficiencies, I recommend the Court dismiss the matter.

If Plaintiff intends to file an amended complaint, Plaintiff shall file the amended complaint within the fourteen-day period to file an objection to this recommended decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of April, 2024.